In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1902

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENDALE M. TATUM,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:12-cr-0019-JPS-3 — **J.P. Stadtmueller**, *Judge.*

SUBMITTED JULY 17, 2014 — DECIDED JULY 29, 2014

Before POSNER, KANNE, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was indicted for us-
ing the telephone to facilitate his possession of cocaine with
intent to distribute. 21 U.S.C. § 843(b). He pleaded guilty and
was sentenced to 24 months of probation. The sentencing
judge imposed 18 conditions of probation and in doing so
told the defendant: "we'll see what the next two years are
going to bring in terms of your ability to conform your con-
duct to the requirements of the law, because if you don't, the

24 months of probation is going to be 24 months in prison." What the judge meant was that if the defendant violated any of the conditions of probation, he would be punished by being imprisoned for 24 months.

Only two months after the sentencing, the probation service filed a petition to revoke the defendant's probation because of several violations of the conditions. The violations alleged included driving without a valid driver's license, failing to attend an outpatient drug treatment program, and thrice submitting urine samples that tested positive for cocaine. At his revocation hearing the defendant admitted having committed the violations alleged. The judge was angry and reminded him that he had "made it very clear back on [the date of sentencing] that if you weren't going to follow the precepts of [the probation service], you're going to jail for two years; and that's exactly what is going to happen today because the Court is keeping its word when you chose not to keep the word that you promised to keep. It's plainly simple. … And so on the basis of the comments that the Court made at the time of sentencing, together with the continued violations, the Court on the state of the record before me today is constrained, as much as I hate to do it, to impose a sentence of 24 months' custody of the Bureau of Prisons."

Our defendant's lawyer, stating that he can find no non-frivolous ground for an appeal from the 24-month sentence, has filed an *Anders* brief, to which the defendant has not responded though given an opportunity to do so.

Although the defendant's guidelines prison range for his violations of the conditions of probation was only 7 to 13 months, U.S.S.G. § 7B1.4(a), the statutory maximum (for the crime of which he had been convicted, which became the

statutory maximum sentence that the judge could impose upon revoking his probation, 18 U.S.C. §§ 3565(a)(2), 3551) was four years. 21 U.S.C. § 843(d)(1). So the 24-month prison sentence was lawful. And in light of the number of the defendant's violations of probation, and that they began so soon (probably immediately) after he was sentenced, neither the judge's decision to revoke probation nor the sentence he imposed having revoked it could be said to be unreasonable.

One feature of the judge's sentence, conspicuous in the portions we quoted, troubles us, however. That is that the judge seems to have decided when he sentenced the defendant to probation what the penalty would be should he later revoke probation: "if you weren't going to follow the precepts of [the probation service], you're going to jail for two years; and that's exactly what is going to happen today because the Court is keeping its word." A judge can't be allowed, when imposing conditions of probation (or of supervised release), to commit himself to a specified penalty should there be a violation or violations. The number and gravity of any violations that are committed would be germane to any rational judgment on whether to revoke probation and, if it is revoked, what punishment to impose for the violations. Any significant changes in the defendant's situation, such as mental deterioration, would have to be considered as well. We don't think a judge can be permitted to disable himself from considering such factors by committing himself in advance to a specified sanction for any violation of probation, committed at any time, under any circumstances. That's too much like sentence first, trial afterwards. Although there are cases in which a sentencing judge has no discretion because the legislature has prescribed the sen-

tence for the offense of conviction, that is not true of revocation of probation.

We must, it is true, be careful when a judge has made a spontaneous sentencing statement not to impose an unrealistically literal interpretation on his words. The judge in this case had treated the defendant leniently in sentencing him to 24 months of probation for a crime that carries a maximum sentence of four years. The defendant thumbed his nose at the lenient sentence by forthwith flagrantly violating conditions of probation, especially regarding use of illegal drugs, suggesting a likelihood of his re-engaging in the distribution of such drugs. It was not just "the comments that the Court made at the time of sentencing" that moved the judge to impose the sentence he did but those comments "together with the continued violations." We have no reason to think it likely, therefore, that if reminded that it is improper for a sentencing judge to commit himself to the imposition of a specific sentence should he revoke the defendant's probation (or his supervised release, when a prison sentence is imposed rather than probation) the district judge would reduce the 24-month sentence that he imposed on the defendant. But we can grant an *Anders* motion, and thus both allow the appellant's lawyer to withdraw from the case and dismiss the appeal, only if there is no nonfrivolous ground of appeal. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). And we cannot say that an argument that a sentence for violating probation is improper if it is fixed at the time the defendant is sentenced to probation is a frivolous argument. Nor can we be certain that a judge's apparent commitment in advance to impose a specific sentence for violating probation has no effect on the length of the sentence that he imposes.

In disapproving predetermination of the punishment for violating conditions of probation or supervised release we acknowledge tension with the Fifth Circuit's decision in *United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004) (en banc). In sentencing defendant Reyna the district judge had offered him a choice between immediately serving 6 months in prison or being imprisoned for 12 months but with the execution of that sentence suspended for three years, during which period the defendant would be subject to conditions of supervised release prescribed by the court. Reyna chose the latter option. But the district judge "coupled its generosity with a stern warning: … 'I will sentence you to 12 months in jail. I will suspend the execution of those 12 months, which simply means that I will allow you to surrender voluntarily. But the moment you spit on the sidewalk, I don't care whether you get a traffic ticket, you are gone for 12 months. You can do that or I will give you six months today and you will get it over with. Which one do you want?' After Reyna chose the 12-month option, the court warned him again: 'I am talking about anything. You are gone. You are on your way for 12 months. It is just a matter of me setting a date for voluntary surrender.'" 358 F.3d at 346.

When Reyna soon violated the terms of supervised release, the district court "enforced its agreement with Reyna and did exactly what it had promised Reyna it would do, it sentenced him to 12 months imprisonment." *Id*. at 353.

Nowhere did the Fifth Circuit intimate any criticism of the "agreement." But so far as appears, the defendant did not criticize it either. The only ground of appeal discussed in the Fifth Circuit's opinion is a violation (held by the court to be harmless) of the defendant's right of allocution—the

judge had given him no chance to object to the 12-month sentence during the sentencing hearing. *Reyna* thus is not authority that it is proper for a judge to treat a warning of consequences of violating probation as creating a contract requiring him to impose those consequences should there be a violation.

The *Anders* motion is therefore denied and the parties are instructed to brief the merits of the appeal.