# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1499
_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Keatings

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2014
Filed: June 3, 2015

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

The district court[1] gave Kenneth Keatings a choice for his felon in possession of a firearm conviction—a year and a day in prison or five years on probation. The probationary sentence came with a caveat; if he violated the terms of his probation,

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

he could face ten years in prison, the statutory maximum for his crime. Keatings chose the probation. Just four months after receiving this sentence, Keatings was back in front of the district court accused of probation violations—the use of cocaine and the consumption of alcohol. The court imposed the threatened ten-year sentence. Keatings argues the district court committed plain error or an abuse of discretion when it imposed the ten-year sentence. We affirm.

I.

Keatings initially pled guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). He faced up to ten years in prison. See 18 U.S.C. § 924(a)(2). Keatings's Sentencing Guidelines range was 30-37 months. At his initial sentencing, Keatings's attorney stressed that although Keatings's criminal history was a Category 3, his last felony was over 18 years old. Also, Keatings was cooperative with the investigation that led to his conviction, had no pretrial release violations except one positive test for marijuana that was early in his release, and had maintained an ongoing, full-time job in which his employer reported that he was an outstanding employee. Keatings's attorney pled for the imposition of a probationary sentence, stating, "He will follow any conditions that the Court makes him follow or lays down as an order, and give him the opportunity to complete it, and if he doesn't, the Court always has repercussions that he is crystal clear aware of if he's not law-abiding." (Sent. Tr. 8.) Keatings also pled his case directly to the court, promising "if you give me a chance, I'll show you I'll be a better man and you'll never see me again." (Sent. Tr. 9.) The district court then reviewed Keatings's prior criminal history and noted that on several occasions he had commited probation and parole violations that resulted in additional prison time. The court then asked Keatings, "Why should I consider you'll do any better now if I put you on probation like you asked?" (Sent. Tr. 15.) Keatings responded that he was trying to get his life in order, continue his job, and take care of his home. The following colloquy then occurred:

The Court:  Mr. Keatings, here's what I'm thinking, I'll send you to prison today for a year and a day, or I'll put you on probation for five years, with the understanding, I'm going to give you some pretty strict conditions –

Defendant Keatings:  Yes, sir.

The Court:  - - if you violate a condition, then I'm reserving the right to revoke your probation, and the statutory maximum is ten years. I'm reserving the right to send you to prison for ten years if you break this probation.

Defendant Keatings:  Yes, sir.

The Court:  What do you want to do?

Defendant Keatings:  Take the probation.

The Court:  Do you hear what I'm saying?

Defendant Keatings:  I understand what you're saying, Your Honor.

(Sent. Tr. 16.)

The court proceeded to lay out the strict conditions of the probation, which included no possession or consumption of drugs or alcohol and a curfew from 10:00 PM to 5:00 AM.  As the sentencing concluded, the court again recited its warning to Keatings.  "Don't gamble with this.  And, remember, Keatings, I'm threatening ten years if you break this thing, ten years in prison.  That will put you in a retirement home when you get out if you violate the probation."  (Sent. Tr. 25.)  As the sentencing concluded, Keatings stated, "You'll never see me again." (Sent. Tr. 27.)

Two months later, the district court issued an arrest warrant for Keatings based on the probation office's report of probation violations.  The probation office filed a revocation packet with the court.  The packet included a violation report, supplemental violation report, and a violation worksheet.  The violation worksheet classified the violations under Chapter 7 of the Sentencing Guidelines and noted the recommended range of imprisonment based on those violations. The probation office also recommended a revocation sentence of 33 months imprisonment for Keatings.

-3-

In February 2014, the district court held the probation revocation hearing for Keatings. The probation officer testified that Keatings had six sweat patches applied between October 17, 2013, and December 5, 2013, and that all tested positive for cocaine usage. The officer further testified that Keatings had been arrested for driving under the influence of alcohol on November 8, 2013, and that Keatings admitted to the officers upon his arrest that he had consumed alcohol. Because one of the six sweat patches had been compromised, the district court determined that Keatings had violated the conditions of his probation by using cocaine on five occasions and consuming alcohol on one occasion.

The court heard from the Assistant United States Attorney and Keatings's counsel on the question of sentencing. Keatings's attorney argued that despite the probation violations, the court was required to consider the factors under 18 U.S.C. § 3553, including the seriousness of the underlying offense, respect for the law, and just punishment. Counsel also reminded the court of the mitigating factors that had led the court to impose the lenient sentence in October. Keatings's counsel additionally reminded the court that the Sentencing Guidelines range for the felon in possession conviction was 30 to 37 months imprisonment. Keatings requested a sentence of 24 months or, if the district court believed that sentence to be too low, an alternative sentence of 30 months, which was the bottom of his Sentencing Guidelines range.

The district court reminded Keatings of the prior sentencing hearing and the threatened ten-year sentence, the statutory maximum for his conviction. The district court then said:

> Mr. Keatings, I told you what I was going to do. I'm going to do it. I'm revoking your probation. I'm imposing a sentence of ten years in the Bureau of Prisons. Upon serving of that sentence, I will release you without any probation or supervised release to follow.

> And I'm imposing this sentence because it was an agreement between you and I, and we made a record. You understood it. And then you didn't - - you went a month and you're right back to drinking. You threw the whole thing in my face. You showed by your conduct you had no intentions of not drinking.

(Revoc. Tr. 20-21.)

The court proceeded to detail Keatings's criminal history and declared that the criminal history and Keatings's failure to comply with the probation conditions were the reasons for the sentence. Keatings pled for additional mercy, requesting the court impose the 33 months recommended by the probation office. The court responded

> I can't give you anything but - - I don't intend - - yes, I could give you 33. I don't intend to. I told you ten years if you broke one condition. You didn't wait 30 days to break it. That shows you don't intend to comply with any, any condition I put on you. I told you ten years. It's going to be ten years.

(Revoc. Tr. 23.) The court then imposed the ten-year sentence and recessed the hearing.

The following day, the court reopened the hearing "to make a more complete record" of the reasons for the ten-year sentence. The court again detailed Keatings's criminal history and stated it considered the section 3553 factors in imposing the sentence. The court specifically considered the need "to protect the public from further crimes of this defendant, to afford adequate deterrence of criminal activity by this defendant, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for this defendant, and, of course, the seriousness of the offense and [his] conduct." (Revoc. Tr. 29.)

II.

Keatings raises two issues in this timely appeal.  First, he claims the district court committed procedural error because it failed to consider the policies in Chapter 7 of the Sentencing Guidelines, did not otherwise properly consider the Sentencing Guidelines range and the factors in 18 U.S.C. § 3553, and failed to give adequate explanations for a sentence that substantially departed from the Sentencing Guidelines range.  Second, Keatings argues that his ten-year, statutory maximum sentence is substantively unreasonable.  We reject both arguments.

A.

We review a revocation sentence under the same "deferential abuse-of-discretion" standard we apply to initial sentencing proceedings, considering "both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed."  United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009) (quotation omitted).  Because Keatings failed to raise his procedural objections at sentencing, we review any claim of procedural error for plain error only.  See Fed. R. Crim. P. 52(b); United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) ("Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court.").  Under plain-error review, the defendant must show (1) an error, (2) that the error is plain, and (3) that the error affects the defendant's substantial rights.  See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).  "An error affects a substantial right if it is prejudicial, meaning that there is a reasonable probability the defendant would have received a lighter sentence but for the error." United States v. Maxwell, 664 F.3d 240, 246 (8th Cir. 2011) (quotation omitted).  If the first three prongs are met, we may then exercise our discretion to notice a forfeited error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Pirani, 406 F.3d at 550 (quotation omitted).

Keatings's first procedural argument is that "[n]o mention was made referencing the revocation/gradation table under 7B1.1 or any policy statements pursuant to 7B1.3." (Appellant's Br. 17.) Although the district court, the government, and Keatings's attorney failed to mention Chapter 7 at the hearing, the probation office had submitted a revocation packet to the court prior to the hearing. This revocation packet included a detailed violation worksheet based on Chapter 7 of the Sentencing Guidelines. Also, Keatings requested the court impose the 33-month sentence the probation office recommended in the revocation packet. Because the district court had before it the analysis Keatings argues should have been discussed at the hearing and because Keatings made reference to the recommended sentence, the court did not commit plain error when it failed to mention Chapter 7 at the hearing.

Next, Keatings contends the district court failed to consider his original Sentencing Guidelines range and the section 3553 factors and did not adequately explain why it was imposing a sentence that substantially departed from the Sentencing Guidelines range. "[S]ignificant procedural error [includes] . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). To determine if the district court sufficiently explained the sentence imposed, we note that the court need not respond to every argument made by defendant or recite each section 3553 factor. See United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009). The court must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Here the revocation transcript reflects the district court had significant familiarity with the circumstances of Keatings's offense as well as his history and characteristics. Keatings's counsel discussed the Sentencing Guidelines range and requested an alternative 30-month sentence, noting that it was at the bottom

of the range. The court detailed Keatings's criminal history and noted the specific section 3553 factors it found relevant in imposing the ten-year sentence. The district court placed considerable emphasis on Keatings's current violations of the conditions of his probation, a consideration that is appropriate in determining the sentence. See, e.g., Thunder, 553 F.3d at 608-09 (finding 15-month upward variance from Guidelines range reasonable given defendant's repeated violations of supervised release); United States v. Larison, 432 F.3d 921, 922, 924 (8th Cir. 2006) (finding 49-month upward variance reasonable for same reason). Accordingly, we cannot say the court committed plain error as it considered the Sentencing Guidelines and the section 3553 factors and explained why it was imposing the statutory maximum sentence, which included Keatings's violation of his probation conditions.

B.

Keatings argues his sentence is substantively unreasonable because the district court neglected to give those factors that had previously resulted in the probation sentence the appropriate weight and credit the factors deserved. Also, Keatings claims the court felt "emotional disgust" because Keatings had "treated [the court] with contempt" and then improperly based Keatings's sentence on that factor.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quotation omitted). Appellate review is "narrow and deferential" and reversal on the basis of substantive unreasonableness is "unusual." Id.

-8-

We note that this case, although similar, is not the same circumstance discussed by the Seventh Circuit in United States v. Tatum, 760 F.3d 696 (7th Cir. 2014). There, the Seventh Circuit rejected appellant's counsel's Anders[2] brief in which counsel claimed there were no non-frivolous issues for review. Id. at 697, 699. The appellant had received a sentence of 24 months probation with a warning that if he violated the terms of his probation he would receive a 24-month sentence of imprisonment. Id. at 696. When he violated those terms, the court stated it was "keeping its word" and sentenced him to 24 months imprisonment. Id. at 697. The Seventh Circuit explained:

> A judge can't be allowed, when imposing conditions of probation (or of supervised release), to commit himself to a specified penalty should there be a violation or violations. The number and gravity of any violations that are committed would be germane to any rational judgment on whether to revoke probation and, if it is revoked, what punishment to impose for the violations. Any significant changes in the defendant's situation, such as mental deterioration, would have to be considered as well. We don't think a judge can be permitted to disable himself from considering such factors by committing himself in advance to a specified sanction for any violation of probation, committed at any time, under any circumstances. That's too much like sentence first, trial afterwards.

Id.

Here, the district court did not "disable[] himself from considering" other factors before imposing the sentence. In the original sentence, the court stressed that it was "reserving the right" and "threatening" a ten-year sentence. It did not confine a revocation sentence to ten years. Indeed, the court recognized, in response to Keatings's request, that it could sentence him to 33 months imprisonment, but it

---

[2]Anders v. California, 386 U.S. 738 (1967).

determined that the threatened ten-year sentence was appropriate in light of Keatings's criminal history and the other section 3553 factors, including his inability to comply with the conditions of his probation. See, e.g., United States v. Smith, 770 F.3d 653, 655 (7th Cir. 2014) ("The fact that the defendant's supervised release had twice been revoked was something the judge was free, maybe required, to consider in deciding what sentence to impose for a third set of violations."). While the court was obviously disappointed in Keatings's inability to comply with the conditions of his probation for even one month, it is clear that the court based Keatings's sentence on his failure to comply with the conditions of his probation as well as the section 3553 factors. The court had warned Keatings at his first sentencing hearing that the court would consider a ten-year sentence if Keatings violated probation. So long as the court considered and properly weighed the section 3553 factors, under the substantial deference we owe a district court's sentencing decisions, the sentence is not substantively unreasonable.

## III.

Accordingly, we affirm the sentence.

_____