# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2132

_____

United States of America

*Plaintiff - Appellee*

v.

Terrence Jamar Neeley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 16, 2016
Filed: July 15, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Terrance Jamar Neeley violated his supervised release. The district court[1] sentenced him to 11 months' imprisonment and another 24 months' supervised

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

release.  Neeley appeals, claiming the sentence is unreasonable.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In December 2011, the district court sentenced Neeley to 30 months' imprisonment and 36 months' supervised release.  After his release from custody in August 2013, he began the supervised release.  The district court modified the supervised release five times for failing marijuana tests and not appearing for several others.  Two modifications included community service; two others, participating in a residential re-entry program; and the last, a 90-day home detention.  The district court finally revoked his supervised release in May 2015, sentencing him to 11 months' imprisonment and 24 months' supervised release.[2]

Neeley claims the sentence is unreasonable because the district court did not give enough weight to his history and characteristics, and a lesser sentence would be sufficient and not greater than necessary to fulfill the objectives of federal sentencing. He focuses on his work history and positive involvement with the community as a mentor, activist, leader, and father.  He also emphasizes the district court's earlier promise, "But the last time you were here, you know, I made a promise to you.  The promise was if I see you back here, it's not going to be good for you."  He asserts that this shows the court placed too much weight on a promise, rather than the § 3553(a) factors.

This court "review[s] a revocation sentence under the same 'deferential abuse-of-discretion' standard we apply to initial sentencing proceedings, considering

---

[2]Although Neeley has finished the 11-month sentence, the case is not moot because he remains on supervised release, and his appeal challenges the reasonableness of the entire sentence. *See United States v. Rhone*, 647 F.3d 777, 779 n. 2 (8th Cir. 2011) (finding appeal not moot although defendant had been released from prison because the "original term of supervised release was to expire in January 2012, and the new term imposed after revocation will not end until January 2013").

both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015) (internal quotation omitted).

Neeley's sentence is within the guidelines and the statutory limits. *See* 18 U.S.C. § 3583(e)(3). The district court said it "considered the nature and circumstances of Defendant's offense and his history and his characteristics," and found this sentence "reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the supervised release violations." *See United States v. Beran*, 751 F.3d 872, 874-75 (8th Cir. 2014) (finding reasonable a revocation sentence within the statutory limit of 18 U.S.C. § 3583(e)(3), and the district court considered appropriate factors under 18 U.S.C. § 3553(a)). Neeley generally made the same arguments at sentencing that he advances in his brief. In response, the district court said, "I know, that you have the capability of being a good citizen. You show it. . . . but there's a problem that keeps interrupting you." *See United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010) ("[T]he district court was aware of Johnson's arguments, and we therefore presume that the district court considered and rejected them."). Finally, although the district court mentioned the earlier "promise" to Neeley, the district court did not previously commit to a specific penalty. *See Keatings*, 787 F.3d at 1203 ("'A judge can't be allowed, when imposing conditions of probation (or of supervised release), to commit himself to a specified penalty should there be a violation or violations.'" (quoting *United States v. Tatum*, 760 F.3d 696, 697 (7th Cir. 2014))). Neeley's sentence is reasonable.

The judgment is affirmed.

_____