# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4393

_____

United States of America

*Plaintiff - Appellee*

v.

Angela Marie Carrino

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 18, 2017
Filed: September 28, 2017
[Unpublished]

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2014, Angela Marie Carrino pled guilty in the Northern District of Illinois to one count of conspiracy to deliver firearms in violation of 18 U.S.C. § 371. The district court[1] sentenced Carrino to four years of probation, with the first two months

_____

[1] The Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois.

to be served in community confinement in Missouri followed by twelve months of home confinement. After sentencing, jurisdiction of the matter was transferred to the Eastern District of Missouri where Carrino served her sentence of probation. Beginning in September 2014 through the date of the instant revocation hearing, the government reported multiple probation violations committed by Carrino including multiple positive drug tests, driving violations, failure to report for urinalysis on multiple occasions, a repeated failure to attend substance abuse counseling and violations of rules at the residential re-entry center. Following a revocation hearing, at which Carrino admitted to the alleged violations, the district court[2] revoked Carrino's probation and sentenced her to sixteen months' imprisonment followed by a thirty-six-month term of supervised release. Carrino appeals this sentence.

This court reviews a probation revocation sentence under the same deferential abuse-of-discretion standard applied at initial sentencing proceedings. United States v. Keatings, 787 F.3d 1197, 1202 (8th Cir. 2015). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. at 1203 (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Carrino claims that her sentence was unreasonable because the district court failed to adequately consider, and account for, her mental health challenges and her co-occurring substance abuse or addiction, and the role these challenges particularly played in her probation violations. Our review of the record and hearing transcript reveals, however, that the district court thoroughly and thoughtfully reviewed these factors, and others, in arriving at its sentence. The sentencing colloquy reveals the district court appropriately balanced the 18 U.S.C. § 3553(a) factors.

_____

[2]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

That the district court did not sentence Carrino within the available advisory Guidelines range of three to nine months for revocations was not as unreasonably harsh as Carrino argues. See U.S.S.G. § 7B1.4(a) (setting out range of imprisonment applicable upon revocation). The original range of punishment here was twenty-four to thirty months, which was likewise an available sentencing option for the district court upon revocation, see 18 U.S.C. § 3565(a)(2). And, the district court significantly varied downward from that alternative with the imposition of sixteen months' imprisonment. It is clear from the colloquy that the court contemplated and accounted for Carrino's mental health issues, but her then-recent arrest for driving while intoxicated, her continued and repeated use of alcohol and illegal drugs, her failure to engage and participate in treatment, and her continued substance abuse carried great weight with the court. See United States v. Larison, 432 F.3d 921, 924 (8th Cir. 2006) (giving deference to the district court's expression of grave concern over the defendant's numerous and repeated violations of the terms of his supervised release and his demonstrated inability to successfully complete drug treatment programs while on supervised release). "[I]t will be the unusual case when [the court of appeals] reverse[s] a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable," United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc), and this is not such a case. The court was well within its discretion in the imposition of this sentence.

Carrino additionally claims the district court failed to reduce her sentence by the number of days she spent in official detention for intermittent violations of probation conditions. She claims the court should have adjusted her sentence to accommodate or coincide with how the Bureau of Prisons (BOP) might calculate credit for jail time she had already served, because the BOP's supposed calculation arguably could violate 18 U.S.C. § 3585(b)'s credit calculations. However, how the BOP might interpret prior custody time in calculating prison sentences upon incarceration is of no particular legal consequence to the district court at sentencing, and Carrino offers no supporting precedent stating otherwise. The district court is not

tasked with computing credit under these circumstances. <u>United States v. Pardue</u>, 363 F.3d 695, 699 (8th Cir. 2004) ("A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'" (quoting <u>United States v. Wilson</u>, 503 U.S. 329, 333 (1992))).

     For the reasons stated herein, we affirm.

_____