**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4797**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:09-cr-00125-1)

Submitted:  May 24, 2018                          Decided:  May 29, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Eumi L. Choi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Davis appeals the 24-month sentence imposed after the district court revoked his supervised release. Davis asserts that his sentence is: (1) procedurally unreasonable because it was not based on appropriate sentencing considerations but, rather, was the fulfillment of the district court's threat during a previous revocation hearing that, if Davis again violated his supervised release, his sentence would be "maxed out" and (2) substantively unreasonable because it does not serve the purpose of supervised release, which according to Davis, is easing a defendant's transition back into the community. Finding no error, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). And even if a revocation sentence is plainly unreasonable, we will still affirm if we find that any errors are harmless. *See United States v. Thompson*, 595 F.3d 544, 548 (4th Cir. 2010).

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *See id.* at

546.  In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences."  *Crudup*, 461 F.3d at 438-39.  Thus, a revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors.  *See Thompson*, 595 F.3d at 546-47.  A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed.  *Crudup*, 461 F.3d at 440.  "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" i.e., "clear" or "obvious."  *Slappy*, 872 F.3d at 208 (internal quotation marks and alterations omitted).

At Davis' previous revocation hearing, the district court explained its desire to motivate Davis to comply with his new supervised release terms by sentencing Davis to a "slightly lesser sentence," thereby preserving the ability to provide a more serious sentence should Davis violate the new supervised release terms.  In so doing, the district court warned Davis that he—like other defendants who appeared on second revocation petitions—would "almost certainly" receive the maximum sentence allowed.  Accordingly, in an effort to motivate Davis to comply with his supervised release terms, the district court imposed a sentence slightly below the applicable policy statement range.

3

Prior to imposing the 24-month sentence at issue here, the district court recalled its previous admonition and, after considering the governing policy statements and the relevant statutory sentencing factors, Davis' previous supervised release violations, his refusal to follow through with mental health and drug treatment, and the 36-month statutory maximum available to it, decided that a 24-month sentence was appropriate. We conclude that the district court adequately explained the 24-month sentence after considering the relevant policy statements and statutory sentencing factors and, thus, reject Davis' assigned procedural error. *See Thompson*, 595 F.3d at 546-47.

Further, because the district court considered allowable sentencing factors and sufficiently stated a proper basis for the 24-month sentence, we conclude the sentence is substantively reasonable. We are unpersuaded by Davis' argument that his sentence is substantively unreasonable because the sentence served the purpose of complying with the court's previous admonition, rather than the purpose of supervised release. *See, e.g., United States v. Keatings*, 787 F.3d 1197, 1204 (8th Cir. 2015) (holding that the district court's threat of a 10-year sentence for probation violation did not render the sentence substantively unreasonable because the court properly considered the statutory sentencing factors before imposing sentence, and an appellate court owes substantial deference to a district court's revocation sentence). Contrary to Davis' assertion, the relevant policy statement provides that, "at revocation the court should sanction primarily the defendant's breach of trust," and consider "to a limited degree" the defendant's criminal history and the seriousness of the supervised release violations. *See* U.S. Sentencing Guidelines Manual ch.7, pt. A, intro. cmt. 3(b) (2017). We thus find no error in the

district court's selection of a 24-month sentence based, in part, on Davis' refusal to comply with the terms of his supervised release.

Given "the broad discretion that a district court has to revoke supervised release and impose a term of imprisonment up to the statutory maximum, we cannot say that the district court's imposition of [the sentence below] the statutory maximum . . . is unreasonable." *Crudup*, 461 F.3d at 440. Because we conclude that Davis' sentence is not unreasonable, "it necessarily follows that his sentence is not plainly unreasonable." *Id.* We thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*