# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2597

_____

United States of America

*Plaintiff - Appellee*

v.

Lacy Brooks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 25, 2018
Filed: March 6, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

PER CURIAM.

Lacy Brooks pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a), and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and was sentenced to 240 months' imprisonment. She appeals this

below-Guidelines sentence, arguing it is substantively unreasonable. We hold that the district court[1] did not abuse its discretion and therefore affirm.

## I. *Background*

Brooks met Brian Casper on the internet. The two never met in person, but they communicated via phone and various internet messaging and video services. Over the course of their relationship, Brooks sent Casper nude pictures of her infant daughter and conducted live video chats with Casper that also involved her daughter.

A grand jury charged Brooks with production and distribution of child pornography in a two-count indictment. After her arrest, Brooks was released on bond. During a home visit, a pretrial officer found Brooks in possession of an internet-capable phone, a violation of her release conditions. Brooks admitted to using that phone to send nude photographs of herself to another man. The district court revoked her bond.

Brooks pleaded guilty to both counts of the indictment. The presentence investigation report (PSR) calculated a Guidelines range of 292 to 360 months' imprisonment. The statutory minimum for the offenses, if ran concurrently, was 180 months. *See* 18 U.S.C. § 2251(e). Neither party objected to the PSR's Guidelines calculations. Brooks argued that she should be sentenced to the statutory minimum because she (1) was a first-time offender; (2) has a low IQ of 71, causing her to have difficulty with basic living tasks; and (3) has various mental health and psychological issues, particularly a dependent personality disorder (making her likely to be submissive and steered against her better judgment in relationships).

---

[1] The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

In its sentencing pronouncement, the district court stated that it had considered all of the evidence in conjunction with the factors outlined in 18 U.S.C. § 3553(a). In addition to the parties' arguments, the district court also considered letters written on Brooks's behalf and two submitted psychological reports. Ultimately, the district court sentenced Brooks to a below-Guidelines 240-month sentence on both counts, to run concurrently, followed by ten years of supervised release. The district court based its below-Guidelines sentence on its finding "no indication that [Brooks is] likely to be a repeat offender." Tr. of Sentencing Hr'g at 16, *United States v. Brooks*, No. 4:15-cr-000239 (E.D. Ark. July 20, 2017), ECF No. 65. The court determined, however, that a sentence above the statutory minimum was needed to emphasize that Brooks had committed "a serious crime." *Id*.

## II. *Discussion*

Brooks contends that her sentence is substantively unreasonable. She argues that the statutory minimum would be a more appropriate sentence. On appeal, she presents the same points that she presented to the district court: her first-time-offender status; her low IQ; and various mental health disorders, including her dependent personality disorder. Additionally she suggests that she committed the crime as a manipulated, disabled victim of a sexual predator. She avers that now, however, therapy and medication have made her a better person with improved mental strength and personal independence.

We review the substantive reasonableness of a district court's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing these factors." *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). Our review is "narrow and deferential," and "it will be the unusual case when we reverse a district

court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

When we examine whether the "district court sufficiently explained the sentence imposed, we note that the court need not respond to every argument made by [the] defendant or recite each section 3553 factor." *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015). All that is required is that the "sentencing judge . . . set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). While we may presume a within-Guidelines sentence is reasonable, we may not presume an outside-the-Guidelines sentence is unreasonable. *Feemster*, 572 F.3d at 461. But "it is 'nearly inconceivable' that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence." *United States v. Bevins*, 848 F.3d 835, 841 (8th Cir. 2017) (quoting *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009)).

Based on our review of the record, we conclude that the district court did not abuse its discretion in imposing the below-Guidelines sentence. The court addressed the § 3553(a) factors and all related considerations. Brooks contends that the district court insufficiently weighed her mental struggles. We disagree. The district court stated that it had read the psychological evaluations and believed that Brooks was unlikely to re-offend. The district court, however, placed substantial weight on the seriousness of the offense. We discern no reversible error in the district court's weighing of the factors. A sentencing court possesses "wide latitude" to assign weight to the § 3553(a) factors. *See United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (quoting *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010)).

Lastly, Brooks argues that any sentence greater than the statutory minimum exceeds the federal sentencing goals as applied to her. Appellant's Br. at 13 (citing *United States v. Dorvee*, 616 F.3d 174, 184 (2d. Cir. 2010) (referencing how Congress has increased child-pornography-related sentences over time to roughly the same levels as sexual assault crimes and urging that "great care" must be applied in determining sentences for these separate crimes)). *Dorvee* is not controlling authority in this circuit, nor do we find it appropriate for use as persuasive authority. Even if we did, the cited language is mere dicta.

We find no abuse of discretion in the district court's sentencing of Brooks. *See Feemster*, 572 F.3d at 464. We hold that Brooks's 240-month sentence is substantively reasonable.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____