# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-3079
_____

United States of America

*Plaintiff - Appellee*

v.

Mario Jerel Harper

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 23, 2019
Filed: November 1, 2019
[Unpublished]
_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Mario Jerel Harper was convicted of being a prohibited person in possession of a firearm in violation of 18 U.S.C §§ 922(g)(1), 922(g)(3), and 924(a)(2) and of unlawful possession of a National Firearms Act firearm in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871. The Guidelines recommended a sentence of 57

to 71 months in prison and one to three years of supervised release. At sentencing, the district court[1] noted Harper's poor health and his good conduct on pretrial release and granted a downward variance to three years of probation.

Almost two years later, the government filed a petition to revoke supervision because Harper tested positive for methamphetamine four times and cocaine three times, lied to his probation officer about his drug use four times, and twice tampered with the sweat patches used to test for drug use. The district court revoked Harper's probation and resentenced him to 57 months in prison followed by three years of supervised release. This was above the Guidelines recommendation of three to nine months in prison. Harper appeals, arguing that his new sentence is substantively unreasonable.

We apply an abuse-of-discretion standard to revocation sentences. United States v. Keatings, 787 F.3d 1197, 1202 (8th Cir. 2015). "[R]eversal on the basis of substantive unreasonableness is unusual." Id. at 1203 (citation omitted). Harper argues that the district court gave undue weight to his violation of the terms of his probation when it imposed a sentence 48 months above the revocation range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining circumstances under which a district court abuses discretion).

We conclude that the district court did not abuse its discretion. The court explained that it "wanted to give [Harper] a chance" when it gave him three years of probation and would treat his revocation sentencing "as though this were an original sentencing and the guideline range were 57 to 71 months." A district court has discretion to impose above-Guidelines sentences, particularly where the original sentence was the result of a downward departure. See United States v. Nelson, 453

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

F.3d 1004, 1004 (8th Cir. 2006); see also U.S.S.G. § 7B1.4 comment. n.4 ("Where the original sentence was the result of a downward departure . . . that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted."). Although the district court sentenced Harper above his revocation range, that was after he received probation at his initial sentencing. His new sentence was at the bottom of the original range.

The district court justified the sentence with reference to the § 3553(a) factors, focusing on Harper's failed drug tests, lies to his probation officer, and sweat patch tampering. We have acknowledged that similar repeated violations support increased sentences at revocation. See United States v. Larison, 432 F.3d 921, 924 (8th Cir. 2006). Furthermore, the court's review was not one sided. It also considered favorable factors like Harper's health and the period of time that he was on probation without incident. Although the district court "may give some factors [more or] less weight than a defendant prefers . . . that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010).

We affirm the judgment of the district court.

_____