NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020
Decided May 20, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3520

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-CR-27 |
| | |
| JAMES R. KASTER, | William C. Griesbach, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

James Kaster pleaded guilty to aggravated identity theft, 18 U.S.C. § 1028A(a)(1), and was sentenced to 24 months in prison followed by one year of supervised release. Just a few months after his release from prison, he was found at casinos on multiple occasions, in violation of the conditions of his release. After he admitted to those and other violations, the district court revoked his release and sentenced him to nine months' reimprisonment. Kaster appeals, but his lawyer moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Kaster did not respond to counsel's motion. *See* CIR. R. 51(b).

A defendant facing revocation of his supervised release has no constitutional right to counsel if he concedes the alleged violations without asserting a substantial argument against revocation or one that would be difficult to develop without counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1978); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Nevertheless, our practice has been to apply the *Anders* framework in the revocation context. *Wheeler*, 814 F.3d at 857. Counsel's brief here explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because the analysis appears thorough, we limit our review to those issues. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Just months after Kaster's release from prison, his probation officer filed a report asserting that Kaster had violated his conditions of supervised release by patronizing a casino, attempting to sell his prescription medication there, harassing casino patrons, trespassing on a casino's property, and lying to his probation officer. At a revocation hearing, the district court added new conditions of supervision rather than revoking Kaster's release. One month later, however, Kaster's probation officer filed another report based on seven new violations, several of which were related to casinos. At a second hearing, Kaster acknowledged his failure to comply with the conditions of his release but explained that he needed help for his gambling addiction, which he could not get in prison. The court was not persuaded, noting that Kaster had already been given ample opportunity to comply with the terms. The court revoked his supervised release and sentenced him to nine months' reimprisonment.

First, counsel questions whether Kaster could argue that the district court abused its discretion by revoking his supervised release. Counsel should not explore a possible challenge to revocation in an *Anders* submission unless the client wants the revocation set aside after being informed of the risks of doing so. *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). It is unclear whether any consultation occurred here; regardless, we would find such an argument to be frivolous because Kaster admitted the violations, and the court complied with Federal Rule of Criminal Procedure 32.1. *See* 18 U.S.C. § 3583(e); U.S.S.G. § 7B1.3(a)(2); *see also United States v. Tatum*, 760 F.3d 696, 697 (7th Cir. 2014).

Next, counsel contemplates whether Kaster could raise any non frivolous challenge to the calculation of his reimprisonment range under the policy statements in Chapter 7 of the Sentencing Guidelines. Without objection, the district court adopted the probation officer's calculation of a range of three to nine months (based on Grade C

violations and a criminal-history category of I). *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4. Counsel finds no fault with these calculations, and we agree that any procedural challenge would be frivolous.

Finally, counsel considers but rightly rejects a challenge to the reasonableness of the sentence. The nine-month term of reimprisonment was within the policy-statement range, so we would presume it reasonable. *See United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). And the district court took into account the relevant 18 U.S.C. § 3553(a) sentencing factors. *See* 18 U.S.C. § 3583(e). It considered the nature and circumstances of the violations, *id*. § 3553(a)(1), noting that Kaster multiple times violated the conditions of his release, which had been "imposed to try to keep [him] from engaging in the very type of behavior . . . that first brought [him] before the court." The court also considered Kaster's history and characteristics, *id*. at § 3553(a)(1), including his history of defrauding others and his declining health. Highlighting the need for the sentence imposed, *id*. § 3553(a)(2), the court further explained that reimprisonment was both deserved punishment and necessary to deter Kaster, who had again violated the rules of his supervision immediately after his first revocation hearing. Finally, the court considered but rejected Kaster's argument that he needed help for a gambling addiction. *See id*. § 3553(a)(1). Given the court's explanation, we would not find the term of reimprisonment to be plainly unreasonable. *See Jones*, 774 F.3d at 404–05.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.