# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3307
_____

United States of America

*Plaintiff - Appellee*

v.

Byron Allen Hamber

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 18, 2021
Filed: February 2, 2022
[Unpublished]

_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Byron Hamber pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] calculated an advisory guideline range of 12 to 18 months' imprisonment, but concluded that

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

several factors justified an upward variance from the advisory range and imposed a 72-month term of imprisonment. Hamber appeals, claiming his sentence is substantively unreasonable and the court provided an inadequate explanation for the sentence. We affirm.

The court received, without objection, a Presentence Investigation Report ("PSIR") that recounts Hamber's criminal history as well as over 200 disciplinary violations while he was incarcerated. Hamber has convictions for raping a 12-year-old, residential burglary, commercial burglary, in-custody battery on two separate occasions, and also first-degree assault and terroristic threatening regarding an incident where he threw urine on a deputy and threatened the deputy's family. Included among Hamber's disciplinary violations while in state custody are: 29 instances of making verbal or written threats, 5 instances of attempted assault or threatening jail staff, 2 instances of battery as to an inmate, 4 instances of battery as to jail staff, 9 instances of battery resulting in injury as to jail staff and/or possession/introduction of a firearm or weapon, an aggravated battery, 15 instances of indecent exposure, 9 instances of throwing or ejecting fluids or excrement, another instance of striking a person with bodily fluid, 8 instances of destruction of state property, 7 instances of tampering with or blocking a lock, and breaking into another's room. Hamber was released from prison on October 29, 2018.

Approximately 11 months after Hamber's release from custody, law enforcement officers discovered, during a traffic stop, marijuana in the driver's seat and a .32 caliber pistol under the front passenger seat. The pistol had a live round in the chamber and a live round in the magazine. Hamber admitted the marijuana and the firearm belonged to him. He stated that he purchased the firearm in October 2018 from an unknown individual in North Little Rock, Arkansas.[2]

---

[2]Hamber did not object to these statements in the PSIR. As part of the factual basis during the plea hearing, Hamber admitted that he purchased the firearm in North Little Rock in October 2018 for approximately $130. During the sentencing hearing, Hamber backtracked from his previous admissions and claimed that he purchased the gun in September 2019.

Hamber was indicted by the grand jury for being a felon in possession of a firearm and eventually entered an open plea of guilty to the charge. Before sentencing, the government filed a motion seeking an upward variance to 72 months on the grounds that Hamber's rape conviction was more aggravated than simple statutory rape, that Hamber admitted he obtained a firearm days after he was released from state custody, and that his long history of violence posed a risk to the community. At sentencing, the district court calculated the advisory guideline range and advised Hamber that he faced a 10-year statutory maximum term of imprisonment. Hamber sought a sentence within the advisory range of 12 to 18 months.

The district court sentenced Hamber to 72 months' imprisonment, reasoning that Hamber's criminal history category under-represented his criminal history, that the previous sentence was not an adequate deterrent, and that Hamber had demonstrated a lack of respect for the law. The district court also relied on the high likelihood that Hamber would recidivate, the need to protect the public, the seriousness of the offense, and the "overwhelming factor" of deterrence.

Hamber contends the district court imposed a substantively unreasonable sentence. He asserts the district court placed too much weight on his history of criminality and violence and insufficient weight on mitigating evidence in the record. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Petersen, 848 F.3d 1153, 1157 (8th Cir. 2017) (quoting United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010)). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" but may not "consider a sentence outside the range presumptively unreasonable." United States v. Foy, 617 F.3d 1029, 1036 (8th Cir. 2010) (citation omitted).

The record demonstrates that the district court considered Hamber's arguments and found them unpersuasive. The record manifestly supports the district court's conclusion that Hamber's history of violence and incorrigibility while incarcerated warranted an above-guideline sentence to protect the public. Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," Gall v. United States, 552 U.S. 38, 51 (2007), we conclude that the district court did not abuse its discretion in imposing a term of 72 months' imprisonment.

We review Hamber's claims of unwarranted sentencing disparity and the adequacy of the explanation for his sentence, which were unobjected to below, for plain error. See United States v. Rodriguez, 682 F. App'x 514, 519 (8th Cir. 2017) (unpublished per curiam); United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). "Under plain-error review, the defendant must show (1) an error, (2) that the error is plain, and (3) that the error affects the defendant's substantial rights." United States v. Keatings, 787 F.3d 1197, 1202 (8th Cir. 2015).

A district court does not plainly err when it relies on factors set forth in 18 U.S.C. § 3553(a) and provides a reasoned basis for the variance. United States v. Godfrey, 863 F.3d 1088, 1098 (8th Cir. 2017). The district court stated it considered all the § 3553(a) factors, which necessarily included unwarranted sentencing disparity. Before the district court imposed a substantial upward variance from the advisory guideline range, it posed questions to both counsel regarding the length of the government's proposed variance and afforded each side an opportunity to respond. The court thoroughly explained the reasons for the extent of the variance, which included Hamber's long history of violence, danger to others, the need for adequate deterrence, and the seriousness of the offense. The court committed no error, plain or otherwise.

The judgment of the district court is affirmed.

_____

-4-