# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-2718
_____

United States of America

*Plaintiff - Appellee*

v.

Paul Joseph Winnick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 15, 2022
Filed: August 22, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Paul Winnick pled guilty to three counts of production and attempted production of child pornography. *See* 18 U.S.C. § 2251(a) and (e). The district court determined the United States Sentencing Guidelines Manual ("Guidelines") recommended a sentence of 1,080 months (90 years) of imprisonment. The district court then sentenced Winnick to 336 months of imprisonment. Winnick appealed

his sentence, and we remanded for the district court to clarify its decision to only partially grant Winnick time served for related state charges. *See United States v. Winnick*, 954 F.3d 1103, 1104, 1106 (8th Cir. 2020). On remand, the district court[1] imposed the same 336-month sentence. Winnick again appeals, this time arguing the district court erred procedurally and substantively. We affirm.

Winnick first argues the district court procedurally erred by not meaningfully considering some of his mitigation arguments. Because Winnick did not object on this basis at the sentencing hearing, we review for plain error. *See United States v. Fry*, 792 F.3d 884, 891 (8th Cir. 2015). Here, we find no plain error. The district court did not need to "respond to every argument made by" Winnick. *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015). And we presume the district court considered Winnick's mitigation arguments because he presented them at the sentencing hearing. *See United States v. Ali*, 799 F.3d 1008, 1034 (8th Cir. 2015). The district court then explicitly stated it considered "all of the Section 3553(a) factors" in imposing the sentence—a statement "[w]e have no reason to question," *United States v. Woods*, 603 F.3d 1037, 1040 (8th Cir. 2010). The district court proceeded to address the relevant § 3553(a) factors. *See Keatings*, 787 F.3d at 1202 ("[T]he court need not . . . recite each section 3553 factor."). On this record, we are convinced the sentencing court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision making authority." *Id.* at 1203 (quoting *United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008)). The district court did not plainly err.

In his brief, Winnick also argues the district court erred by applying the U.S.S.G. § 4B1.5(b)(1) "pattern" enhancement. But he conceded at sentencing that his argument was foreclosed by our precedent and we rejected this same argument in his prior sentencing appeal. *See Winnick*, 954 F.3d at 1106. And we are bound

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

by the prior panel's decision. *See United States v. Anderson*, 771 F.3d 1064, 1066 (8th Cir. 2014).

Winnick next argues the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Kobriger*, 825 F.3d 495, 497 (8th Cir. 2016). When a district court grants a downward variance, as here, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Jackson*, 909 F.3d 922, 925 (8th Cir. 2018) (quoting *United States v. Lundstrom*, 880 F.3d 423, 446 (8th Cir. 2018)). This is not one of those nearly inconceivable cases.

As the district court noted, Winnick sexually exploited and abused young children by inducing and coercing them to perform sexual acts with him and recording them. *See* 18 U.S.C. § 3553(a)(1). These young victims will have to live with the memories of these heinous crimes. As the district court found, Winnick's crime likely inflicted "severe," "personal," and "long-lasting harm on the children." Winnick also tried to destroy evidence of his crimes. The district court determined a meaningful term of imprisonment was necessary to punish Winnick and reflect the seriousness of Winnick's offenses, promote respect for the law, deter others from similar crimes, and protect the public from Winnick. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). That said, the district court also found both Winnick's post-conviction rehabilitative efforts and the "personal difficulties" he had experienced to be mitigating factors. Considering the district court's careful analysis of both aggravating and mitigating factors, we conclude Winnick's 336-month term of imprisonment is substantively reasonable.

Winnick last argues the district court should have disregarded the U.S.S.G. § 4B1.5(b)(1) "pattern" enhancement because the enhancement was allegedly not based on empirical study. This argument is a nonstarter. While district courts may "vary from the Guidelines based on" a policy disagreement, they do not abuse their discretion in declining to do so. *United States v. Carter*, 960 F.3d 1007, 1012 (8th

-3-

Cir. 2020), *cert. denied*, 141 S. Ct. 577 (2020) and 141 S. Ct. 835 (2020).  And "[w]e do not consider policy arguments about the Guidelines on appeal."  *Id.*

We affirm the judgment of the district court.

_____